IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 3:24-mj-1257 |
| ) | Magistrate Judge Holmes |
| RICHARD PAYNE ) | |

## MEMORANDUM OPINION AND ORDER[1]

Pending before the Court are two motions filed by the defendant Richard Payne: (1) a motion for jury trial (Docket No. 7), to which the United States (the "government") filed a response in opposition (Docket No. 9), and (2) a motion to stay (Docket No. 10), to which the government filed a response (Docket No. 13). For the reasons detailed below, Payne's motion for jury trial (Docket No. 7) is **DENIED** and Payne's motion to stay (Docket No. 10) is **DENIED WITHOUT PREJUDICE**.

### I. BACKGROUND

Payne was cited for various violations of rules and regulations at the Veterans Affairs Medical Center (the "VAMC") in Nashville in May and June of 2024. Specifically, he is cited in Central Violations Bureau ("CVB") Notices Nos. 9677814, 9677819, 9677820, and 9677821. (Docket No. 11.) Payne was then cited in CVB Notice No. 9263708 on or about September 12, 2024 for disorderly conduct at the VAMC in violation of 38 CFR § 1.218(b)(11), and that violation was merged into this -mj- case. (Docket No. 17.)

---

[1] Because this case involves petty offenses, the undersigned is granted authority under 28 U.S.C. § 636(a)(4) to enter a final order. *See also* 18 U.S.C. § 3401(a) (authorizing a United States Magistrate Judge to try a defendant accused of a federal misdemeanor committed within that district and to issue a sentence for any resulting conviction). Nevertheless, should the District Judge disagree, this Memorandum Opinion and Order is respectfully submitted as a report and recommendation.

Payne is alleged to have refused to depart the VAMC in Nashville, Tennessee on May 22, 2024 and again on June 18, 2024 despite having limited access to the VAMC because of prior violations. He is also alleged to have shouted obscenities and disrupted the VAMC's ability to provide care to certain patients on June 18, 2024. According to the citations, Payne is restricted from visiting the VAMC unless he has a medical appointment, during which time he must be escorted by security personnel. Payne was also cited for disorderly conduct on September 12, 2024 for yelling obscenities in the hallway where other people were passing by.

Payne was cited with the following violations: (1) a failure to depart premises by unauthorized persons in violation of 38 CFR § 1.218(b)(12) on May 22, 2024 and June 18, 2024 (Docket Nos. 2–3); unauthorized loitering in violation of 38 CFR § 1.218(b)(13) on June 18, 2024 (Docket No. 4); and disorderly conduct which tends to impede or prevent normal operations in violation of 38 CFR § 1.218(b)(11) on June 18, 2024 (Docket No. 5) and September 12, 2024 (Docket No. 17).

During a hearing on the petty offense citations occurring prior to the September 12 citation, Payne requested a jury trial on the violations. (Docket No. 1.) He then filed a motion with substantive arguments to support his request. (Docket No. 7.) The Court entered an order setting a briefing schedule on the pending motion and setting a deadline for Payne to file a separate motion to postpone any trial on the petty offenses of which he is charged with a deadline for the government to file a response. (Docket No. 8.) Following initial briefing, Payne filed a motion for appointment of new counsel (Sealed Docket No. 15), which the Court granted by order entered on January 27, 2025. (Docket No. 16.) Newly appointed counsel was given an opportunity to supplement briefing (*see* Order at Docket No. 20) and notified the Court that no supplemental or

additional briefing was requested. (Docket No. 21.) Accordingly, the two motions are fully briefed and are resolved as set forth below.[2]

## II. LAW AND ANALYSIS

There are two issues before the Court: (1) whether Payne is entitled to a jury trial for the alleged violations within his five citations, and (2) if the answer to the first question is no, whether the case may be stayed while Payne pursues interlocutory review of the jury trial issue. The Court resolves these issues as follows.

### A. The Defendant's Right to a Jury Trial

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed." *Lewis v. United States*, 518 U.S. 322, 325 (1996) (quoting U.S. Const. amend. VI). It has long been settled that the Sixth Amendment reserves this jury trial right for prosecutions of "serious offenses," and that "there is a category of petty crimes or offenses which is not subject to the Sixth Amendment jury trial provision." *Id.* (quoting *Duncan v. Louisiana*, 391 U.S. 145, 159 (1968)).

To determine whether an offense is "petty," courts consider the maximum penalty attached to the offense. *Blanton v. City of North Las Vegas, Nev.*, 489 U.S. 538, 541 (1989). At one time, courts determined whether an offense was properly characterized as "petty" by looking to the nature of the offense and whether it was triable to a jury at common law. *Id.* (internal citations omitted). Adherence to a common-law approach was made difficult, however, by the number of statutory offenses lacking common-law antecedents. *Lewis*, 518 U.S. at 325 (internal citations

---

[2] As noted, the defendant requested that CVB Notice No. 9263708, issued on September 12, 2024, be merged into this case.

omitted). The inquiry therefore now looks to more "objective indications of the seriousness with which society regards the offense," and "the most relevant such criteria in the severity of the maximum authorized penalty." *Blanton*, 489 U.S. at 541 (internal citations omitted). This is because "in fixing the maximum penalty for a crime, a legislature includes within the definition of the crime itself a judgment about the seriousness of the offense." *Id*. (internal citations omitted) (cleaned up). Further, courts must pay heed to the admonition that "[t]he judiciary should not substitute its judgment as to seriousness for that of a legislature." *Id*.

Supreme Court jurisprudence makes clear that an offense carrying a maximum prison term of six months or less is presumed petty, unless the legislature has authorized additional statutory penalties so severe as to clearly indicate that the legislature considered the offense serious. *Lewis*, 518 U.S. at 326 (citing *Blanton*, 489 U.S. at 543; *Codispoti v. Pennsylvania*, 418 U.S. 506, 512 (1974)). *See also Alahverdian v. Ohio*, No. 3:13-CV-113, 2013 WL 1964009, at *15 (S.D. Ohio May 10, 2013), *report and recommendation adopted*, No. 3:13-CV-113, 2013 WL 2155660 (S.D. Ohio May 17, 2013), and *report and recommendation adopted*, No. 3:13-CV-113, 2013 WL 4052879 (S.D. Ohio Aug. 12, 2013); *Ivy v. United States*, No. 5:08-CR-00021-TBR, 2010 WL 1257729, at *3–4 (W.D. Ky. Mar. 26, 2010); *Kinzer v. City of W. Carrollton, Ohio*, No. 3:07-CV-111, 2008 WL 3200652, at *7 (S.D. Ohio Aug. 5, 2008). Further, even if a defendant is charged with multiple petty offenses and the aggregate potential penalty exceeds a maximum prison term of six months, the defendant is still not entitled to a jury trial. *Lewis*, 418 U.S. at 324, 327–30.

In *Lewis*, the defendant was charged with two counts of obstructing the mail, arising out of the same incident and each count of which carried a maximum authorized prison sentence of six months. *Id*. at 324. The discrete question in *Lewis* was whether a defendant who is prosecuted in a single proceeding for multiple petty offenses has a constitutional right to a jury trial where the

aggregate prison term authorized for the offenses exceeds six months. *Id*. at 323. Important to the issues here, the Supreme Court established a bright line rule in *Lewis* that "[t]he Sixth Amendment's guarantee of the right to a jury trial does not extend to petty offenses, and its scope does not change where a defendant faces a potential aggregate prison term in excess of six months for petty offenses charged." *Id*. at 323–24. Further expanding on this tenet, the Supreme Court made clear that the fact that a defendant is charged with multiple counts of a petty offense "does not revise the legislative judgment as to the gravity of the particular offense, nor does it transform the petty offense into a serious one, to which the jury trial right would apply." *Id*. at 327. This determination is further bolstered, as noted in *Lewis*, by common law precedent "that a jury trial was not provided to a defendant charged with multiple petty offenses." *Id*. (internal citations omitted).

Stating the rule another way, when a legislature has clearly determined that an *offense* is "petty," courts cannot "look to the potential prison term faced by a *particular defendant* who is charged with more than one such petty offense." *Id*. at 328. This is because the maximum authorized penalty provides the objective indication of the seriousness of the offense, "and it is that indication that is used to determine whether a jury trial is required, not the particularities of an individual case." *Id*.

In his motion, Payne concedes that petty crimes or offenses are not subject to the Sixth Amendment jury trial provision. (Docket No. 7 at 1–2.) Payne argues, however, that the violations of which he is charged are subject to the Sixth Amendment jury trial provision despite their status as petty offenses because of the unique nature of his case and because a change in the law is warranted. (*Id.* at 2.)
5

To support his argument that this case uniquely warrants a jury trial, Payne argues that the aggregate punishment he will face for these violations and that he faces independent of any statutory punishment "are significantly greater in real suffering than a mere six-months of incarceration." (*Id.* at 3.) Payne contends that he faces continued and repeated arrest for his visits to the VAMC even though he is authorized to be on the premises and to receive treatment there because of his status as a veteran. (*Id.* at 2.) He further argues that the current restrictions on his access to the VAMC violate his privacy rights under the Health Insurance Portability and Accountability Act (HIPAA) because security officers demand that VAMC employees confirm whether he has an appointment. (*Id.*)

In response, the government asserts that whether this case uniquely warrants a jury trial is irrelevant because the binding legal question is whether "the seriousness with which society regards the offense" indicates that it is the type of "serious offense" for which a jury trial is available. (Docket No. 9 at 8–9.) According to the government, the particular facts of the underlying case are irrelevant to determine whether a defendant is entitled to a jury trial under the Sixth Amendment. (*Id.*) Instead, the government argues, the Court should examine whether the legislature deemed the offense to be serious. (*Id.*).

The Court agrees. The initial task for the Court is simply to determine whether Congress deemed the offenses at issue to be serious or petty. Payne is charged with violating 38 C.F.R. §§ 1.218(b)(11), (12), and (13). (Docket Nos. 2–5, 17.) These three regulations are promulgated pursuant to 38 U.S.C. § 901, which provides that a person who violates a regulation promulgated under its authority "shall be fined in accordance with title 18 or imprisoned not more than six months, or both." 38 U.S.C. § 901(c). The provision further states that "[t]he Secretary may prescribe by regulation a maximum fine less than that which would otherwise apply under the

6

preceding sentence or a maximum term of imprisonment of a shorter period than that which would otherwise apply under the preceding sentence, or both. Any such regulation shall apply notwithstanding any provision of title 18 or any other law to the contrary." *Id.* The maximum fine authorized for a violation of § 1.218(b)(11) (disorderly conduct) is $250, and the maximum fine for a violation of either § 1.218(b)(12) (failure to depart premises) or § 1.218(b)(13) (unauthorized loitering) is $50. 38 C.F.R. §§ 1.218(b)(11)–(13)

By setting the maximum authorized prison term at six months, Congress categorized the offenses of which Payne is charged as petty. This outcome is not changed by the fact that Payne is charged with more than one petty offense. As the Supreme Court made clear: "[w]here the offenses charged are petty, and the deprivation of liberty exceeds six months only as a result of the aggregation of charges, the jury trial right does not apply." *Lewis*, 518 U.S. at 330.[3]

While the "seriousness of other punishment" may be relevant when determining whether a criminal defendant has a constitutional right to a jury trial, *Lewis*, 518 U.S. at 326, Payne has not cited to any congressionally authorized additional statutory penalties, the severity of which clearly indicates that Congress considered the offenses serious. *See id.*; *Blanton*, 489 U.S. at 543 (additional statutory penalties will carry the statute over the line from petty to serious only if "so severe that they **clearly reflect** a legislative determination that the offense in question is a 'serious' one") (emphasis added). The fines Payne faces, if convicted, of $250 or less, are well below the $5,000 threshold for petty offenses and add nothing to make the offenses anything other than petty. Instead, the defendant argues that, treatment he currently receives at the VAMC from security

---

[3] As was noted in *Lewis v. United States*, and is true here, even if the defendant were to prevail, the government could properly circumvent the jury trial right by requesting a separate trial on each of the citations. 518 U.S. 322, 330 (1996) ("As petitioner acknowledges, even if he were to prevail, the Government could properly circumvent the jury trial right by charging the counts in separate informations and trying them separately.").

personnel – "he will continue to have his privacy invaded, his bodily autonomy attacked, and his freedom constrained, while frequently being criminally charged" (Docket No. 7 at 3) – results in serious punishment that triggers his right to a jury trial.

Regardless of Payne's characterization of the VAMC's measures as punishment, whatever restrictions or security procedures or requirements the VAMC may have put in place are neither criminal punishment nor statutory penalties. Remedial measures and civil remedies that are not criminal punishment are of no significance in determining whether an offense is petty or serious. *See, e.g.*, *United States v. Soderna*, 82 F.3d 1370, 1379 (7th Cir. 1996) (prospect of civil remedies that were not part of the criminal punishment for charged offenses did not entitle the defendant to a jury trial);[4] *Ivy*, 2010 WL 1257729 at *3–4 (denying the defendant's request for a jury trial because the Tennessee requirement of registration as a sex offender did not reflect a Kentucky legislative determination that the Kentucky criminal offense of which the defendant was convicted was a serious one for which a jury trial was required).

Further, even other kinds of authorized criminal penalties or restrictions have been found insufficient to objectively and clearly demonstrate that an otherwise petty offense is instead "serious." For instance, in *Blanton*, the Supreme Court was unpersuaded that the other possible penalties for a DUI conviction – including 48 hours of community service dressed in clothing identifying a DUI offender as such, a concurrent 90-day suspension of a defendant's driver's license, mandatory attendance at an alcohol abuse education course at the defendant's expense,

---

[4] The *Soderna* court noted as an example of the distinction between criminal and civil remedies: "A misdemeanor prosecution for a traffic offense, which no one would suppose entitled the defendant to a jury, might be the prelude to a wrongful-death suit against him seeking millions of dollars in compensatory and punitive damages. Yet the prospect of such a sequel would not entitle him to a jury trial in his traffic case." 82 F.3d at 1379.

and a potential fine of $1,000[5] – were enough to command a constitutional right to a jury trial. 489 U.S. at 544-46.[6] Similarly, in *United States v. Nachtigal*, the Supreme Court attached no constitutional significance to the additional penalties authorized by the regulation prohibiting driving in a national park under the influence of alcohol. 507 U.S. 1 (1993) (*per curiam*). Specifically, the Supreme Court was not moved to reclassify the offense from petty to serious by the provision for probation of up to five years, which also permitted the judge to impose 21 conditions on a defendant sentenced to probation. *Id.* at 5. These conditions included requiring him to (i) pay restitution; (ii) take part in a drug and alcohol dependency program; (iii) live in a community correctional facility for the entire probation term; or (iv) remain at his place of residence during nonworking hours with location monitoring. *Id*. As noted by the *Nachtigal* court, while such penalties "obviously entail a greater infringement on liberty than probation without attendant conditions, they do not approximate the severe loss of liberty caused by imprisonment for more than six months." *Id*.

For all these reasons, the Court finds that the actions of the VAMC are not legislatively authorized statutory penalties that clearly reflect a legislative determination of seriousness for which a jury trial is required. In addition, the Court will not grant Payne a jury trial based on his "good faith request for a change in the law." (Docket No. 7 at 3.)

It is not within this Court's purview to patently disregard clear and direct precedent set by the Supreme Court based on a party's "good faith request." Accordingly, the Court finds no basis

---

[5] The Supreme Court noted that the fine was "well below the $5,000 level set by Congress in its most recent definition of a petty offense." *Blanton*, 489 U.S. at 545–46.

[6] In a separate case, the Supreme Court determined, however, that six contempt charges that resulted in consecutive prison sentences of three years, more or less, were sufficiently serious to require a jury trial. *Codispoti v. Pennsylvania*, 418 U.S. 506, 511–18 (1974).

to contradict settled legal precedent concerning a defendant's right to a jury trial under the Sixth Amendment under the circumstances presented here.

In sum, the Constitution's guarantee of the right to a jury trial extends only to serious offenses. Payne is not charged with a serious offense in any of the violations charged in CVB Notices Nos. 9677814, 9677819, 9677820, 9677821, or 9263708. That Payne is charged with multiple petty offenses, and therefore faces an aggregate potential prison term of more than six months, does not change the fact that Congress deemed as petty each of the offenses of which he is charged. Payne is not entitled to a jury trial.

**B.      Staying the Proceedings, Interlocutory Appeal, and the Speedy Trial Act**

In his second motion, Payne asks the Court to stay the proceedings if the Court denies his request for a jury trial. (Docket No. 10.)[7] First, acknowledging that the issue of appeal is premature, Payne argues that he has "a right to interlocutory review by the District Court, pursuant to Federal Rule of Criminal Procedure 58(g)(2)(A), and to the Court of Appeals, pursuant to 28 U.S.C. §§ 1291, 1292." (*Id.* at 1.) He contends that interlocutory appeal of the Court's denial of his request for a jury trial should be permitted under the collateral estoppel doctrine. (*Id.* at 1–4.) Finally, with respect to the Speedy Trial Act, which governs the time within which a defendant charged with a crime in federal court must proceed to trial, 18 U.S.C. §§ 3161 *et seq.*, Payne asserts that "the time taken from the filing of [the] motion for jury trial … through all tiers of review [] is explicitly excluded from the 'Speedy Trial Clock' … and cannot provide the basis for a claim of violation of the Sixth Amendment Right to Speedy Trial." (*Id.* at 4.)

---

[7] Payne filed this motion at the Court's direction. However, as discussed in more detail below, Payne's intended relief may not have coincided with the Court's understanding of the scope of relief requested.

In response, the government states that it has no objection to Payne's request to stay the proceedings but doubts interlocutory review would be available on an order denying Payne a jury trial. (Docket No. 13.) In addition, the government "perceives no speedy trial problems" if the proceedings were to be stayed. (*Id.* at 1.)

The Court finds that the protections of the Speedy Trial Act do not apply because Payne has been charged with petty offenses in the pending five citations. *See* 18 U.S.C. § 19 (defining the term "petty offense" to include "a Class B misdemeanor, a Class C misdemeanor, or an infraction, for which the maximum fine is no greater than the amount set forth for such an offense in section 3571(b)(6) or (7) in the case of an individual")[8]; *id.* at § 3559(a)(7) (establishing that an offense punishable by imprisonment for six months or less but more than thirty days is a Class B misdemeanor).[9] "The Speedy Trial Act specifically excludes from its application Class B and Class C misdemeanors, those petty offenses for which the maximum sentence is six months imprisonment or less." *United States v. Richmond*, 312 F. App'x 56, 57 (9th Cir. 2009); 18 U.S.C.

---

[8] The "the amount set forth for such an offense in section 3571(b)(6) or (7)," as referenced in 18 U.S.C. § 19, is as follows:

(6) for a Class B or C misdemeanor that does not result in death, no more than $10,000; and
(7) for an infraction, not more than $10,000.

18 U.S.C. §§ 3571(b)(6)–(7).

[9] Even if the protections of the Speedy Trial Act did apply, Payne has affirmatively waived those protections with the filing of the instant pretrial motions. The Speedy Trial Act excludes "delay" resulting from "any interlocutory appeal" and "any pretrial motion." 18 U.S.C. §§ 3161(h)(1)(C), (D). Further, as Payne states in his motion, the time taken from the filing of the instant motions "through all tiers of review … cannot provide the basis for a claim of violation of the Sixth Amendment Right to Speedy Trial." (Docket No. 10 at 4 (citing *United States v. Tinklenberg*, 563 U.S. 647, 660 (2011); *United States v. Rosse*, 716 F. App'x 453, 464 (6th Cir. 2017); *United States v. Ghearing*, No. 2:19-CR-00010, 2023 WL 1975240, at *5–8 (M.D. Tenn. Feb. 13, 2023); *United States v. Burleson*, No. 3:15-00065, 2016 WL 3079023, at *8 (M.D. Tenn. June 1, 2016)).

§ 3172(2).[10] *See also United States v. Moncier*, 492 F. App'x 507, 510 (6th Cir. 2012) (citing *United States v. Sued–Jimenez*, 275 F.3d 1, 8–9 (1st Cir. 2001); *United States v. Boyd*, 214 F.3d 1052, 1057 (9th Cir. 2000)) (same); *United States v. Trudeau*, 812 F.3d 578, 585–86 (7th Cir. 2016) (same); *United States v. Green*, 165 F.3d 912 (Table), 1998 WL 761559, at *1 (4th Cir. Nov. 2, 1998) (per curiam) (same). Accordingly, the Speedy Trial Act does not apply to the offenses at issue here.

Although the Court directed the parties to "address the extent to which immediate appellate review of this Court's disposition of the defendant's motion for jury trial is available" (Docket No. 8 at 2), it did so because Payne made a general and somewhat ambiguous request in his original motion for a jury trial that the motion "be fully resolved (including through any authorized tiers of appellate review) prior to any adjudication in these matters." (Docket No. 7 at 4.) In other words, Payne asked that there be no trial on the citations until the jury trial issue is finally resolved, including upon appeal, which is generally in the nature of a stay, but which was not affirmatively requested. It was the Court's intention to bring some procedural certainty to these proceedings by perhaps addressing any requested stay pending appeal. But it is now clear that the Court's instructions created more confusion than clarity.

To the extent that Payne seeks a stay of this order denying his request for a jury trial pending appeal, which is perhaps the more appropriate description of the relief to which he

---

[10] The Speedy Trial Act provides that:

> the term "offense" means any Federal criminal offense which is in violation of any Act of Congress and is triable by any court established by Act of Congress (other than a Class B or C misdemeanor or an infraction, or an offense triable by a court-martial, military commission, provost court, or other military tribunal).

18 U.S.C. § 3172(2).

originally alluded, but which was not directly addressed in the filings, and which is a different consideration than appeal rights under any applicable rule or statute[11], the Court is disinclined to decide that issue on the papers currently submitted, including because neither party discussed the standards for a stay pending appeal, under either an applicable statute or rule or the Court's inherent authority. *See, e.g.*, *United States v. Iron Shield*, No. 1:10-cr-059-02, 2011 WL 4007684, at *2 (D.N.D. Sept. 9, 2011) (citing *Niken v. Holder*, 556 U.S. 418, 433-35 (2009)) (discussion of federal courts' inherent authority to grant stays pending appeal). Nevertheless, Payne may, of course, seek a stay pending appeal of this order, if he so inclined, and address the necessary factors the Court must consider.[12] Because of the complexity and timing of these issues, the Court makes no determination as to any relief that may properly be requested in response to this order without prejudice for either Payne or the government to seek such relief at the appropriate juncture.[13]

### III. CONCLUSION

For all these reasons, Payne's motion for jury trial (Docket No. 7) is **DENIED** and Payne's motion to stay (Docket No. 10) is **DENIED WITHOUT PREJUDICE**.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

[11] *See e.g. United States v. Radin*, Case No. 17-mj-4519(LHG), No. 17-494 (AET), 2017 WL 7347770, at *2 (D.N.J. Nov. 20, 2017) (discussion of appellate remedies available concerning orders and judgments issued by a magistrate judge).

[12] The Court could apply the general standard for its inherent authority to issue a stay pending appeal to the circumstances of this case, but finds that doing so would be fundamentally unfair without an opportunity for both Payne and the government to directly address not only what standard applies, but also the proper outcome under the applicable standard.

[13] In the absence of a resulting motion to stay, the Court intends to set a pretrial conference to discuss a trial date and any other necessary pretrial matters.